IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James M. DeWees, | : | CIVIL ACTION AT LAW |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Jeffrey T. Haste, Mark Templeton, | : | |
| Dominick DeRose, and | : | |
| Dauphin County | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## COMPLAINT

## INTRODUCTORY STATEMENT

1.   This is a civil rights complaint brought by a former Deputy Warden at the Dauphin County Prison against the Chairman of the Dauphin County Prison Board and the local government unit, Dauphin County, and also against Mark Templeton, the Director of Dauphin County Human Resources, and Dominick DeRose, the Warden of the Prison, for terminating his employment in retaliation for bringing a lawsuit against the Warden of the Prison, Defendant DeRose and related parties, which is protected activity under the First Amendment to the United States Constitution.  Plaintiff also alleges a wrongful discharge from employment under Pennsylvania law.  Finally, plaintiff claims that his property was taken and his paycheck was withheld, in violation of his 14th Amendment

Rights.  The defendant's actions were pre-textual and no separate reason exists for the termination of the plaintiff's employment.  Plaintiff also has a case pending in the Middle District against related defendants, and has recently completing trial in another lawsuit against them.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. 1331 and 28 U.S.C. 1343 (a)(3) and (4) and this court's supplemental jurisdiction to consider supplemental state claims under 28 U.S.C. 1367(c).

3. Venue is proper in the Middle District of Pennsylvania since the parties, residences and most witnesses are common to Dauphin County, Pennsylvania, which is in the Middle District.

4. A jury trial is demanded.

## RIGHTS VIOLATED

5. Plaintiff DeWees claims that the defendants terminated his position as a result of his exercise of his First Amendment rights to access the courts and speak out on matters of public concern wherein he filed an original lawsuit and a subsequent lawsuit against defendant DeRose and others for violations of his First Amendment Rights.  Plaintiff also had his property, in the form of a paycheck, withheld by the defendant, even after he relinquished property that belonged to him

to the possession of the defendants in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Finally, plaintiff makes a claim for wrongful discharge under Pennsylvania state law.

## PARTIES

6. Plaintiff, James DeWees, is an adult male, who at all times relevant to this Complaint resided at 209 Koons Road, Millersburg, Pennsylvania 17061.

7. Defendant Jeffrey T. Haste is an adult individual who at all times relevant to this Complaint served as Acting Commissioner or Commissioner for Dauphin County. Defendant Haste also serves as chairman of the Dauphin County Prison Board.

8. Defendant Mark Templeton is an adult individual who at all times relevant to this Complaint served as Director of Human Resources for Dauphin County.

9. Defendant Dominick DeRose is an adult individual who at all times relevant to this Complaint served as the Warden to the Dauphin County Prison.

10. Defendant Dauphin County is a local governmental municipality organized under the laws of Pennsylvania and is a person for purposes of 42 USC § 1983.

## **OPERATIVE FACTS**

11. Plaintiff served as Deputy Warden at the Dauphin County Prison from January of 1990 until January 15, 2005.

12. As part of his position, Plaintiff received, inter alia, emoluments and benefits in the form of clothing with his name embroidered on the front, that the Plaintiff was told he could wear or keep at his discretion, or not at all. All other employees received these same forms of compensation and none are forced to return them upon retirement.

13. On or around March 2002, plaintiff DeWees filed a lawsuit against Warden Dominick DeRose and Dauphin County alleging retaliation he suffered as a result of speaking out on matters of public concern. He claims his speech was protected by the First Amendment to the United States Constitution.

14. On or around May 5, 2004, plaintiff DeWees was placed on sick leave by order of his doctor due to injuries that he suffered which the doctor recognized to be the result of extreme stress on the job.

15. The doctor released plaintiff to return to work on August 16, 2004.

16. The Director of Human Resources, defendant Mark Templeton, notified plaintiff that he could not return to work until he was cleared by a physician hired by Dauphin County, a Dr. Wolfram Rieger.

17. On or around September 22, 2004, the Prison scheduled an appointment and the plaintiff was examined by Dr. Rieger.

18. Upon information and belief, Dr. Rieger approved the plaintiff to return to work also.

19. On or around November 1, 2004, Templeton notified plaintiff that Defendant DeRose had received the report from Dr. Rieger, but that approval was now needed from the Prison Board before he would be allowed to return to work. This was unique, because normal Dauphin County Prison practice under DeRose and Dauphin County was for Warden DeRose to make these type of decisions on his own.

20. The Prison Board meeting was cancelled for November 2004. The next meeting was held in December. Plaintiff has been continuously out of work for seven months.

21. Plaintiff was not given any notification to attend the December Prison Board meeting or that the topic of eliminating his position was going to be deliberated, if, indeed, it ever was.

22. On or around December 2004, plaintiff received a letter from defendant Haste that he and Dauphin County had decided to eliminate his position and that he was no longer needed as an employee of Dauphin County. Upon

information and belief, Dominick DeRose, Haste, Templeton and Dauphin County conceived and executed the plaintiff's retaliatory dismissal.

23. On or around January 2005, plaintiff received a letter from defendant Templeton, written on behalf of defendant Haste and Dauphin County, which forced him to either collect unemployment or to retire, but making it clear, in violation of his rights, that he had no job to return to.

24. On or around January 2005, plaintiff communicated to Sandra Parrish, an employee in the Dauphin County Personnel Department, that since he was facing a Hobbesian choice between unemployment and retirement, that he chose to retire, but that he objected to being terminated.

25. On or around January 10, 2005, plaintiff reported to the Prison and returned those County/Prison related items he could locate.

26. On or around January 13, 2005, plaintiff received a letter from defendant Templeton that stated that plaintiff's paycheck would be withheld until he returned additional items to the Prison, including clothing that had been given to him many years previously by the County with his name embroidered on them. He searched and searched and complied to the best of his ability.

27.     On or around January 21, 2005, plaintiff received another letter from defendant Templeton that stated that plaintiff's paycheck would still be withheld, pending the return of other property, some being personal property of the plaintiff, despite the fact that the plaintiff had returned the items he could find which had already been requested.

28.     Upon information and belief, prior to the plaintiff's period of sick leave, plaintiff had worked full-time for the prison and had never been given any indication that his services, or the services performed by his position, were not necessary.  In fact, he had received consistent raises and praise for his selfless service until he spoke to the FBI among others of unlawful activities by DeRose and others at the prison.

29.     Plaintiff was never informed that consideration was being given to eliminating his position as Deputy Warden.

30.     Plaintiff alleges that the defendants retaliated against him because of his lawful exercise of his First Amendment rights and terminated him because he brought suit against the Warden and others for previous retaliatory misconduct.

31.     Plaintiff's termination was retaliatory.  It was to punish him for the previous lawsuits he filed and because he spoke out on matters of public concern.

32. Upon information and belief, defendants are aware that plaintiff was subjected to extreme stress that had been diagnosed by three doctors as being caused by the mistreatment that he received while at work, including a doctor retained by Dauphin County. Thus plaintiff alleges that the unlawful termination and the unlawful anti-personal actions were designed to inflict emotional injury on the plaintiff so to cause him extreme pain and suffering.

33 The pre-textual dismissal of the plaintiff, and treating him differently than other retirees by forcing him to return clothing like jackets and blazers, given to him as part of his employment, while withholding his paycheck, is vindictive and hateful and was solely done to punish and emotionally injure and cause mental anguish and pain for plaintiff James DeWees.

34. These unlawful actions by the individual defendants were retaliatory in nature and were in violation of plaintiff's rights to the equal protection of the laws, were arbitrary and capricious, and under state law, void as against public policy, constituting a wrongful discharge.

35. The defendant Dauphin County, by and through these defendants who are policy-makers for the County, have engaged in a policy and practice of retaliating against those who lawfully file lawsuits to protect their constitutional rights and also to punish those who speak out on matters of public concern.

WHEREFORE, plaintiff demands judgment of the defendants, jointly and/or severally for the deprivation of his federally guaranteed rights and for conspiring to deprive him of his federally guaranteed rights, and compensatory damages, including loss of wages with interest, suffered by the plaintiff for pain and suffering, humiliation and embarrassment, together with fees, costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

**BAILEY & OSTROWSKI**

s/ Don Bailey
s/Andrew Ostrowski
s/Sheri Coover

Don Bailey
PA ID # 23786
Andrew J. Ostrowski
PA ID# 66420
Sheri D. Coover, Of Counsel
PA ID # 93285
4311 N. Sixth Street
Harrisburg, PA 17110
(717) 221-9500 (telephone)
(717) 221-9600 (facsimile)